# EXHIBIT B

James L. Arrasmith, SBN # 332498
The Law Office of James L. Arrasmith
9719 Lincoln Village Drive #506
Sacramento, California 95827
Phone: (916) 704-3009
Email: james@jlegal.org

Attorney for Plaintiff,
Robert Evans

ELECTRONICALLY FILED
Superior Court of California,
County of Imperial
12/03/2024 at 03:30:38 PM
By: Henry Halcon, Deputy Clerk

Assigned for All Purposes Including Trial To:

Hon. Jeffrey B Jones

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF IMPERIAL

ROBERT EVANS,

Plaintiff,

vs.

COUNTY OF IMPERIAL, THE STATE OF
CALIFORNIA, and DOES 1-50,

Defendants.

**Case No.:**    ECU003850

**COMPLAINT FOR:**
1. INVERSE CONDEMNATION
2. VIOLATION OF DUE PROCESS
3. CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
4. FRAUD
5. NEGLIGENCE
6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
7. STATE CIVIL RIGHTS
8. DECLARATORY RELIEF
9. QUIET TITLE
10. UNJUST ENRICHMENT

**JURY TRIAL DEMANDED**

Plaintiff ROBERT EVANS ("Plaintiff"), by and through his Attorney, alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution and California Code of Civil Procedure § 410.10.

2. Venue is proper in Imperial County pursuant to California Code of Civil Procedure § 392(a) as this action concerns real property located within Imperial County.

///

**CIVIL UNLIMITED COMPLAINT**
**Page 1 of 17**

## II. PARTIES

3. Plaintiff ROBERT EVANS ("Plaintiff") is an individual residing in Grandview, Washington. He is the grandson and heir of Albert Evans, who owned the subject property at the time of its unlawful taking in 1941.

4. Defendant COUNTY OF IMPERIAL ("County") is and at all relevant times was a political subdivision of the State of California. The County participated in the unlawful taking of Albert Evans' property and subsequent concealment of ownership records.

5. Defendant STATE OF CALIFORNIA ("State") is a sovereign state of the United States of America. The State, through its officials and agencies, participated in the unlawful taking of the subject property and subsequent concealment of records.

6. The true names and capacities of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff at this time. Each of the fictitiously named Defendants is responsible in some manner for the acts and omissions alleged herein. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## III. GENERAL ALLEGATIONS

7. In 1938, Albert Evans, an African American farmer, lawfully purchased approximately 39 acres of land located at 2024 Bennett Road, El Centro, CA 92243 in Imperial County, California. This purchase is documented by a quitclaim deed recorded in Imperial County records.

8. Albert Evans developed the property into a productive dairy farm, constructing two houses, a barn, and other improvements. He maintained a herd of approximately 500 cattle and operated one of the largest dairy operations in Southern California at the time.

9. The property's development and Albert Evans' ownership are further evidenced by an easement he granted to the Imperial Irrigation District for the construction of a drainage ditch and installation of utility services.

10. On December 7, 1941, Japan attacked Pearl Harbor, bringing the United States into World War II.

11. On or about December 26, 1941, government officials representing the Defendants arrived at the Evans family property and informed Albert Evans that he had just 48 hours to vacate his land or face forcible removal. The property was to be used for the expansion of a nearby Marine Corps Air Station.

///

///

12. Unlike other non-minority landowners whose property was taken during the same period and who received compensation of approximately $3,000 each through proper eminent domain proceedings, Albert Evans received no compensation whatsoever for his property.

13. Under threat of forcible removal, Albert Evans and his family were compelled to hastily abandon their home, farm equipment, and livelihood within the 48-hour timeframe. The family was able to relocate their cattle but was forced to leave behind other valuable property including furniture and farming equipment.

14. At the time of the taking, four of Albert Evans' sons were serving in the United States military during World War II, fighting for the very country that was dispossessing their family of its property without due process or compensation.

15. The taking occurred during the Jim Crow era when African Americans faced severe discrimination and had limited access to legal resources or recourse against government actions.

16. After the taking, Defendants engaged in a coordinated effort to conceal evidence of Albert Evans' ownership of the property. When inquiries were made about the property:

    a. County officials falsely claimed Albert Evans never owned property in Imperial County;

    b. Records relating to Tract 157 omitted Albert Evans' name while maintaining records of other property owners;

    c. Documents showing the property transfer were concealed from public view.

17. The State of California later sued Imperial County in the 1960s for failure to maintain accurate property ownership records, demonstrating the systemic nature of the County's record-keeping deficiencies.

18. The subject property now forms part of Naval Air Facility El Centro and has been continuously used for military purposes since its taking in 1941.

19. Given its current use and development as part of a strategic military installation, including runways, fuel storage facilities, and other improvements, the property has an estimated current fair market value of $1.5 billion.

20. Plaintiff Robert Evans has only recently discovered, through extensive research and at a personal cost of $6,000 for a title search, documents proving his grandfather's ownership of the subject property. These documents include:

    a. The original 1938 quitclaim deed;

    b. Records of an easement granted to the Imperial Irrigation District;

**CIVIL UNLIMITED COMPLAINT**
**Page 3 of 17**

c. Maps showing the property as Tract 157;

d. Government documents relating to the taking.

21. The recent passage of legislation regarding the Bruce's Beach property in Manhattan Beach, California, demonstrates the State of California's recognition of the need to provide compensation for historical racially discriminatory property takings.

22. Plaintiff has timely filed government tort claims with each Defendant as required by the California Government Claims Act. These claims have been either rejected or deemed rejected by operation of law.

23. This action is timely filed under the doctrine of fraudulent concealment, as Defendants actively concealed and misrepresented facts regarding Albert Evans' ownership of the subject property, preventing the Evans family from discovering their causes of action.

## IV. EQUITABLE TOLLING OF STATUTE OF LIMITATIONS

24. The statutes of limitations applicable to Plaintiff's claims should be equitably tolled based on:

    a. timely notice to Defendants;

    b. lack of prejudice to Defendants; and

    c. reasonable and good faith conduct by Plaintiff and his predecessors in interest.

25. Timely notice to Defendants is established by:

    a. Albert Evans' immediate protest of the taking in 1941;

    b. The family's continuous assertion of ownership rights;

    c. Multiple inquiries to county officials about the property over the years;

    d. Recent government tort claims filed with each Defendant.

26. Defendants suffer no prejudice from equitable tolling because:

    a. Defendants created and maintained the relevant records;

    b. Defendants actively concealed evidence of ownership;

    c. Defendants have continuously possessed and used the property;

    d. Defendants' own conduct prevented earlier claims.

27. Plaintiff and his predecessors in interest acted reasonably and in good faith as shown by:

    a. Albert Evans' attempt to resist the unlawful taking within the constraints of Jim Crow era limitations;

**CIVIL UNLIMITED COMPLAINT**
**Page 4 of 17**

b. The family's persistent efforts to discover the truth about the property;

c. Plaintiff's substantial investment in title research and document recovery;

d. Prompt filing of claims upon discovery of supporting documentation.

28. Additionally, equitable tolling is justified because:

a. The California Government Claims Act did not exist at the time of taking, making it impossible for Albert Evans to comply with its requirements;

b. Defendants' fraudulent concealment of records prevented discovery of the claims;

c. The racial discrimination underlying the taking restricted access to legal remedies;

d. The Bruce's Beach precedent establishes California's current policy of remedying historical property injustices.

29. Under the delayed discovery rule, Plaintiff's claims did not accrue until he discovered, or reasonably could have discovered, the facts essential to the causes of action. Specifically:

a. County officials actively misrepresented that Albert Evans never owned property in Imperial County;

b. Property records were deliberately obscured by omitting Albert Evans' name while maintaining Tract 157 designations;

c. Documentation proving ownership was only recently uncovered through extensive research and significant expense;

d. The systematic nature of the discrimination and concealment has only recently come to light through parallel cases like Bruce's Beach.

### V. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Inverse Condemnation**
**(Against All Defendants)**

30. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

31. An inverse condemnation claim arises under Article I, Section 19 of the California Constitution and the Fifth Amendment to the United States Constitution, which prohibit the taking of private property for public use without just compensation. The elements of inverse condemnation are:

a. The plaintiff possessed a constitutionally protected property interest;

b. The governmental entity took or damaged that property interest for public use;

c. The taking or damage occurred without just compensation being paid;

d. The governmental action was the substantial cause of the taking; and

e. The plaintiff was damaged by the taking.

32. Here, Plaintiff's grandfather, Albert Evans, possessed a constitutionally protected property interest in approximately 39 acres of land located at 2024 Bennett Road, El Centro, CA 92243, as evidenced by the 1938 quitclaim deed and subsequent easement granted to the Imperial Irrigation District.

33. On or about December 26, 1941, Defendants, acting under color of state law, physically seized and took possession of the subject property for public use, specifically the expansion of what is now Naval Air Facility El Centro. This taking was total and permanent, as the property continues to be used for military purposes to this day.

34. No compensation was ever provided to Albert Evans or his heirs for this taking. In contrast, other non-minority landowners whose property was taken during the same period received compensation of approximately $3,000 each.

35. Defendants' coordinated actions in seizing the property were the direct and substantial cause of the taking. The taking was deliberate and planned, as evidenced by government documents showing the intended expansion of the military facility.

36. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages including but not limited to:

a. The current fair market value of the property, estimated at $1.5 billion;

b. Loss of use and enjoyment of the property since 1941;

c. Loss of income from the dairy farm operations;

d. Loss of intergenerational wealth building opportunity.

**SECOND CAUSE OF ACTION**
**Violation of Due Process**
**(Against All Defendants)**

**CIVIL UNLIMITED COMPLAINT**
**Page 6 of 17**

37. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

38. The Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution guarantee that no person shall be deprived of life, liberty, or property without due process of law. Due process requires:

    a. A constitutionally protected interest in life, liberty, or property;

    b. Government action depriving the person of that protected interest;

    c. Absence of adequate procedural safeguards including notice and an opportunity to be heard; and

    d. Damages resulting from the deprivation.

39. Albert Evans had a constitutionally protected property interest in the 39-acre property, as evidenced by the 1938 quitclaim deed, subsequent easement grants, and documented development of a substantial dairy farming operation with approximately 500 cattle.

40. Defendants deprived Albert Evans of his property rights by forcing him to vacate the premises within 48 hours on December 26, 1941, under threat of forcible removal.

41. Defendants provided no meaningful procedural safeguards:

    a. No formal notice of the intended taking was provided;

    b. No opportunity for hearing or challenge was afforded;

    c. No eminent domain proceedings were initiated;

    d. No negotiation or settlement discussions were permitted.

42. As a direct and proximate result of Defendants' violation of due process rights, Plaintiff has suffered damages including the loss of valuable property rights and the inability to contest the taking before it occurred.

### THIRD CAUSE OF ACTION
### Civil Rights Violations Under 42 U.S.C. § 1983
### (Against All Defendants)

43. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

44. Section 1983 provides a cause of action against persons who, under color of state law, deprive others of rights, privileges, or immunities secured by the Constitution or federal laws. The elements are:

    a. conduct by a person acting under color of state law;

**CIVIL UNLIMITED COMPLAINT**
**Page 7 of 17**

b. deprivation of constitutional or federal rights; and

c. causation of damages.

45. Defendants acted under color of state law when:

a. County officials and law enforcement threatened forced removal;

b. State and local entities coordinated the taking;

c. Government agencies processed and recorded the property transfer.

46. Defendants deprived Albert Evans of multiple constitutional rights including:

a. Fifth Amendment right to just compensation;

b. Fourteenth Amendment right to due process;

c. Fourteenth Amendment right to equal protection, as evidenced by the disparate treatment compared to non-minority landowners who received compensation.

47. The racial discrimination underlying Defendants' actions is evidenced by:

a. The selective denial of compensation to African American landowners;

b. The rushed and coercive nature of the taking during the Jim Crow era;

c. The subsequent concealment of ownership records.

48. As a direct and proximate result of these civil rights violations, Plaintiff has suffered damages including the loss of property valued at $1.5 billion and the multi-generational impact of this discriminatory taking.

**FOURTH CAUSE OF ACTION**
**Fraud**
**(Against All Defendants)**

49. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Under California law, fraud requires:

a. Misrepresentation or concealment of a material fact;

b. Knowledge of falsity;

c. Intent to defraud;

**CIVIL UNLIMITED COMPLAINT**
**Page 8 of 17**

d. Justifiable reliance; and

e. Resulting damage. California Civil Code § 1709 makes one who willfully deceives another with intent to induce action liable for any damage suffered thereby.

51. Defendants engaged in multiple acts of misrepresentation and concealment:

a. Falsely claiming Albert Evans never owned property in Imperial County;

b. Deliberately omitting his name from property records while maintaining Tract 157 designations;

c. Concealing documentation of the property transfer;

d. Providing false information in response to ownership inquiries.

52. Defendants knew these representations were false when made, as evidenced by:

a. The existence of the 1938 quitclaim deed in county records;

b. Documentation of the easement granted to Imperial Irrigation District;

c. Records showing the property transfer for military use.

53. Defendants intended to defraud by:

a. Preventing the Evans family from seeking compensation;

b. Avoiding liability for the unlawful taking;

c. Concealing evidence of discriminatory treatment.

54. The Evans family justifiably relied on Defendants' representations, lacking the means to discover the truth due to:

a. Official denials of ownership records;

b. Limited legal resources during the Jim Crow era;

c. Active concealment of documentation.

55. As a direct and proximate result of this fraud, Plaintiff has suffered damages including:

a. Costs for title search to uncover the truth;

**CIVIL UNLIMITED COMPLAINT**
**Page 9 of 17**

b. Delay in pursuing legal remedies;

c. Loss of property rights and compensation.

### FIFTH CAUSE OF ACTION
**Negligence**
**(Against All Defendants)**

56. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

57. The elements of negligence are:

    a. Duty;

    b. Breach of duty;

    c. Causation; and

    d. Damages.

58. Public entities owe duties to maintain accurate records, follow proper procedures for land acquisition, and protect property rights of citizens.

59. Defendants owed duties to Albert Evans and his heirs including:

    a. Maintaining accurate property records;

    b. Following proper eminent domain procedures;

    c. Providing equal treatment under the law;

    d. Preserving and providing access to public records.

60. Defendants breached these duties by:

    a. Failing to maintain accurate ownership records;

    b. Neglecting to follow eminent domain procedures;

    c. Providing false information about property ownership;

    d. Failing to preserve critical documents.

61. The State of California's lawsuit against Imperial County in the 1960s for failure to maintain proper property records demonstrates the systemic nature of these breaches.

**CIVIL UNLIMITED COMPLAINT**
**Page 10 of 17**

62. Defendants' negligence directly and proximately caused damages including:

    a. Loss of property rights;

    b. Inability to seek timely compensation;

    c. Costs of investigating true ownership;

    d. Loss of intergenerational wealth transfer.

**SIXTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

63. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

64. The elements of intentional infliction of emotional distress are:

    a. Extreme and outrageous conduct;

    b. Intent to cause, or reckless disregard of the probability of causing, emotional distress;

    c. Severe emotional suffering; and

    d. Actual and proximate causation.

65. Defendants' conduct was extreme and outrageous:

    a. Forcing a family to abandon their home and livelihood within 48 hours;

    b. Discriminating based on race in providing compensation;

    c. Threatening physical removal if non-compliant;

    d. Deliberately concealing evidence of ownership.

66. Defendants acted with intent or reckless disregard as shown by:

    a. Coordinated efforts to seize property during wartime;

    b. Knowledge of the devastating impact on an African American family during Jim Crow era;

    c. Systematic concealment of records to prevent recompense;

**CIVIL UNLIMITED COMPLAINT**
**Page 11 of 17**

d. Deliberate provision of false information when inquiries were made.

67. The Evans family suffered severe emotional distress including:

a. Trauma of sudden displacement;

b. Loss of family heritage and community standing;

c. Psychological impact of racial discrimination;

d. Multi-generational effects of lost economic opportunity.

68. Defendants' actions were the direct and proximate cause of this emotional distress.

### SEVENTH CAUSE OF ACTION
### Violation of State Civil Rights Laws
### (Against All Defendants)

69. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

70. California civil rights laws, including the Unruh Civil Rights Act and Tom Bane Civil Rights Act, prohibit discrimination and interference with constitutional rights. Elements include:

a. Interference with rights;

b. Threats, intimidation, or coercion;

c. Based on protected characteristics; and

d. Resulting harm.

71. Defendants interfered with Albert Evans' constitutional rights by:

a. Taking property without due process;

b. Denying just compensation;

c. Providing disparate treatment based on race;

d. Concealing evidence of ownership.

72. Defendants used threats and coercion including:

a. 48-hour eviction notice;

b. Threats of forcible removal;

**CIVIL UNLIMITED COMPLAINT**
**Page 12 of 17**

c. Presence of law enforcement to intimidate;

d. Economic coercion through denial of compensation.

73. This interference was based on Albert Evans' race, as evidenced by:

a. Different treatment from non-minority landowners;

b. Context of Jim Crow era discrimination;

c. Pattern of discriminatory land seizures from minority owners.

74. The resulting harm includes:

a. Loss of valuable property rights;

b. Economic damages of $1.5 billion;

c. Intergenerational wealth deprivation;

d. Dignity harm from racial discrimination.

**EIGHTH CAUSE OF ACTION**
**Declaratory Relief**
**(Against All Defendants)**

75. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

76. Under Code of Civil Procedure § 1060, courts may declare rights and duties in cases of actual controversy. Elements include:

a. Proper subject of declaratory relief;

b. Actual controversy; and

c. Practical need for determination.

77. Property rights and constitutional violations are proper subjects for declaratory relief.

78. An actual controversy exists regarding:

a. The lawfulness of the 1941 taking;

b. The right to compensation;

c. The current status of title;

**CIVIL UNLIMITED COMPLAINT**
**Page 13 of 17**

d. The applicability of the Bruce's Beach precedent.

79. Practical need for determination exists because:

a. Property rights remain unresolved;

b. Compensation has never been provided;

c. Similar historical injustices require remediation;

d. Legal precedent will guide future cases.

### NINTH CAUSE OF ACTION
### Quiet Title
### (Against All Defendants)

80. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

81. A quiet title action requires:

a. A verified description of the property;

b. The basis of plaintiff's title;

c. Adverse claims against which determination is sought;

d. The date for determination; and

e. A prayer for determination of the plaintiff's rights against adverse claims.

82. The subject property is specifically described as:

a. 39 acres located at 2024 Bennett Road, El Centro, CA 92243;

b. Formerly known as Tract 157;

c. Currently part of Naval Air Facility El Centro;

d. As more particularly described in the 1938 quitclaim deed.

83. Plaintiff's basis of title derives from:

a. Albert Evans' purchase in 1938 via quitclaim deed;

b. Subsequent easement grants proving ownership;

**CIVIL UNLIMITED COMPLAINT**
**Page 14 of 17**

c. Continuous family claim to the property;

d. Plaintiff's status as heir and successor in interest.

84. Adverse claims to be determined include:

a. Defendants' current possession and control;

b. Military use and occupation;

c. Government claims of ownership;

d. Any other claims of right, title, or interest.

85. The date for determination is December 26, 1941, when the unlawful taking occurred.

86. A judicial determination of these competing claims is necessary to establish rightful ownership and the right to compensation.

## TENTH CAUSE OF ACTION
### Unjust Enrichment
### (Against All Defendants)

87. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

88. Unjust enrichment requires:

a. Receipt of a benefit;

b. Retention of the benefit at the expense of another; and

c. Circumstances making it unjust to retain the benefit without paying for it.

89. Defendants received substantial benefits including:

a. Acquisition of 39 acres of prime land;

b. Development into military facilities;

c. Ongoing use for governmental purposes;

d. Current property value of approximately $1.5 billion.

90. These benefits were retained at the expense of the Evans family through:

a. Lack of any compensation;

**CIVIL UNLIMITED COMPLAINT**
**Page 15 of 17**

b. Loss of income-producing dairy farm;

c. Deprivation of property development opportunity;

d. Loss of intergenerational wealth transfer.

91. Retention of these benefits is unjust because:

a. The taking was discriminatory and unlawful;

b. No compensation was ever provided;

c. Records were deliberately concealed;

d. Similar landowners received payment.

92. The circumstances make it inequitable for Defendants to retain these benefits without compensation, particularly given:

a. The racial discrimination context;

b. Active concealment of ownership evidence;

c. Parallel to Bruce's Beach case;

d. Current California policy of remedying historical property injustices.

### VI. PRAYER FOR RELIEF

93. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in the amount of $2 billion;

2. For consequential damages according to proof;

3. For pre-judgment and post-judgment interest at the legal rate;

4. For punitive damages in an amount to be determined at trial;

5. For a declaration of Plaintiff's rights in the subject property;

6. For an order quieting title in Plaintiff's favor;

7. For restitution of benefits unjustly retained;

8. For costs of suit incurred herein;

**CIVIL UNLIMITED COMPLAINT**
**Page 16 of 17**

9. For reasonable attorneys' fees as permitted by law;

10. For such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

94. Plaintiff hereby demands a jury trial on all causes of action triable by jury.

Dated: December 3, 2024.

RESPECTFULLY SUBMITTED,

_____

James L. Arrasmith
Attorney for Plaintiff, Robert Evans