**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT EVANS,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF IMPERIAL, THE STATE OF CALIFORNIA, and DOES 1-50,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.:  25-cv-00249-BEN-LR

**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT**

Before the Court is Plaintiff's motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 6.)  For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff Robert Evans, represented by counsel James Arrasmith, initiated this action in California state court on December 3, 2024, naming the State of California and the County of Imperial as defendants.  On February 3, 2025, the State of California, represented by Attorney General Robert Bonta, filed its answer in state court.  The following day, the County of Imperial, represented by Dick Semerdjian, Esq., and Chad Thurstan, Esq., removed Plaintiff's claims against it to this Court.

-1-

On February 10, 2025, the County filed a motion to dismiss.  (ECF No. 3.) Plaintiff filed no opposition.  On March 28, 2025, the Court granted the motion and dismissed the Complaint based on Plaintiff's waiver under Local Rule 7.1(f)(2)(b).  On May 15, 2025, Plaintiff filed the instant motion alleging that he never saw the motion to dismiss filed by the County of Imperial because his email was not functioning properly. (ECF. No. 6.)

**LEGAL STANDARD**

"Rule 60(b) allows for relief from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief."  *Trendsettah USA, Inc. v. Swisher Int'l, Inc.,* 31 F.4th 1124, 1136 (9th Cir. 2022) (quoting *Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020) (citation modified)).

The moving party "bears the burden of proving the existence of a justification for Rule 60(b) relief.  *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).  "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court."  *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

///

///

///

///

///

///

-2-

25-cv-00249-BEN-LR

**DISCUSSION**

**Excusable Neglect Under Rule 60(b)(1)**

"[A]t least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993).[1] The determination of whether a party has demonstrated excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 395). Courts must consider four factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395; *see also Briones*, 116 F.3d at 381.

Applying the *Pioneer* factors, the Court finds that Plaintiff's failure to comply with the filing deadlines constituted excusable neglect meriting relief. Here, Plaintiff moved for Rule 60 relief within the required time frame of a year. Furthermore, this case is still in the early stages, and the Defendants will not suffer legally significant prejudice that impacts the judicial proceedings. Even though Plaintiffs' email issues are his own

---

[1] *Pioneer,* 507 U.S. at 388 (citing Webster's Ninth New Collegiate Dictionary 791 (1983)) "[T]he Rule grants reprieve to out-of-time filings that were delayed by 'neglect' [is]. . . "'to leave undone or unattended to esp[ecially] through carelessness.'" The Court stated that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.*

making, the Supreme Court has made clear that "[t]he 'excusable neglect' standard for allowing late filings is also used elsewhere in the Federal Rules of Civil Procedure." *Pioneer*, 507 U.S. at 392.   Further, the Court stated that "[t]he same is true of Rule 60(b)(1), which permits courts to reopen judgments for reasons of 'mistake, inadvertence, surprise, or excusable neglect,' but only on motion made within one year of the judgment. *Pioneer*, 507 U.S. at 393.

Most importantly, the court stated that "we give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." *Pioneer*, 507 U.S. at 398.  Moreover, there is no indication that Plaintiff filed this Motion in bad faith, as the delay in this case is not great and the danger of prejudice to Defendants is low.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010) ("critically, the record is devoid of any indication either that [the plaintiff's] counsel acted in bad faith or that an extension of time would prejudice defendants.").[2]

Accordingly, the motion to set aside the judgment is **GRANTED**.

///

///

---

[2] Additionally, the Court takes judicial notice that the answer filed in state court was that of the State of California, filed by Attorney General Robert Bonta—not that of the County of Imperial by counsel Mr. Semerdijian and Mr. Thurstan.  (ECF No. 8-2 at 1.) Plaintiff represented otherwise.  Counsel has a duty to notify the Court when an assertion is later determined to be inaccurate.  Plaintiff made this assertion on May 15, 2025, relating to the State of California's answer.  It is now January 2026, and Plaintiff has offered no correction or clarification.

25-cv-00249-BEN-LR

**CONCLUSION**

For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's Motion to Set Aside Judgment (ECF No. 6.)  and **VACATES** the judgment entered in this case on March 28, 2025. (ECF No. 5.)  Plaintiff is to file his opposition to the County of Imperial's motion to dismiss within 15 days.

**IT IS SO ORDERED.**

 DATED:    February 5, 2026

**HON. ROGER T. BENITEZ**
United States District Judge

25-cv-00249-BEN-LR