UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT EVANS,

                                    Plaintiff,

v.

COUNTY OF IMPERIAL; THE STATE OF CALIFORNIA; and DOES 1–50,

                                    Defendants.

Case No.:  25-CV-249 TWR (LR)

**ORDER (1) GRANTING DEFENDANT COUNTY OF IMPERIAL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND (2) FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TO DEFENDANT STATE OF CALIFORNIA**

(ECF No. 3)

Presently before the Court is Moving Defendant County of Imperial's Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 3), as well as Plaintiff Robert Evans' Opposition to ("Opp'n," ECF No. 12) and Moving Defendant's Reply to Plaintiff's Opposition to ("Reply," ECF No. 18) the Motion.  The Court held a hearing on May 7, 2026.  (*See* ECF No. 21.)  Having carefully considered Plaintiff's Complaint ("Compl.," ECF No. 1-3), the Parties' arguments, and the relevant law, the Court **GRANTS** Moving Defendant's Motion, **DISMISSES WITHOUT PREJUDICE** Plaintiff's federal causes of action, and **ORDERS** Plaintiff **TO SHOW CAUSE** why this action should not be

1

dismissed as to Defendant the State of California for failure timely to effect service of process and/or to prosecute.

## BACKGROUND

### I.        Plaintiff's Allegations[1]

"In 1938, Albert Evans, an African American farmer, lawfully purchased approximately 39 acres of land located at 2024 Bennett Road, El Centro, CA 92243 in Imperial County." (Compl. ¶ 7.)  He "developed the property into . . . one of the largest dairy operations in Southern California at the time." (*See id.* ¶ 8.)

"On December 7, 1941, Japan attacked Pearl Harbor, bringing the United States into World War II." (*Id.* ¶ 10.)  "On or about December 26, 1941, government officials representing the Defendants arrived at the Evans family property and informed Albert Evans that he had just 48 hours to vacate his land or face forcible removal." (*Id.* ¶ 11.) "The property was to be used for the expansion of a nearby Marine Corps Air Station." (*Id.*)

"Unlike other non-minority owners whose property was taken during the same period and who received compensation of approximately $3,000 each through proper eminent domain proceedings, Albert Evans received no compensation whatsoever for his property." (*Id.* ¶ 12.)  "Under threat of forcible removal, Albert Evans and his family were compelled to hastily abandon their home, farm equipment, and livelihood within the 48-hour timeframe." (*Id.* ¶ 13.)

"The taking occurred during the Jim Crow era when African Americans faced severe discrimination and had limited access to legal resources and recourse against government actions." (*Id.* ¶ 15.)  "After the taking, Defendants engaged in a coordinated effort to conceal evidence of Albert Evans' ownership of the property." (*Id.* ¶ 16.)  "When inquiries

---

[1]     For purposes of the Motion, the facts alleged in Plaintiff's Complaint are accepted as true.  *See Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

were made about the property[,]" (*id.*), "County Officials falsely claimed that Albert Evans never owned the property in Imperial County[,]" (*id.* ¶ 16(a)), and records were altered or concealed. (*See id.* ¶¶ 16(b)–(c).)

"Plaintiff . . . has only recently discovered, through extensive research and at a personal cost of $6,000 for a title search, documents proving his grandfather's ownership of the subject property." (*See id.* ¶ 20.) "Plaintiff . . . timely filed government tort claims with each Defendant as required by the California Government Claims Act." (*See id.* ¶ 22.)

Plaintiff alleges that "[t]his action is timely filed under the doctrine of fraudulent concealment, as Defendants actively concealed and misrepresented facts regarding Albert Evans' ownership of the subject property, preventing the Evans family from discovering their causes of action." (*Id.* ¶ 23.) Plaintiff also alleges that the statute of limitations should be equitably tolled. (*See id.* ¶¶ 24–29.)

## II.    Procedural Background

Plaintiff filed his Complaint in the Superior Court of California, County of Imperial, on December 3, 2024, alleging ten causes of action for (1) inverse condemnation,[2] (2) violation of due process, (3) civil rights violations under 42 U.S.C. § 1983, (4) fraud, (5) negligence, (6) intentional infliction of emotional distress, (7) state civil rights, (8) declaratory relief, (9) quiet title, and (10) unjust enrichment. (*See generally* ECF No. 1-3.) On February 3, 2025, Moving Defendant removed on the basis that the Complaint raised an issue arising under federal law. (*See generally* ECF No. 1.) At that time, Moving Defendant was "unaware if the State of California ha[d] been served" because "[a]ll attempts to contact Plaintiff's counsel to determine the status of service ha[d] been unsuccessful." (*See id.* at 2.)

---

[2]    "[I]nverse condemnation is '*a cause of action against a governmental defendant* to recover the value of property which has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency.'" *United States v. Clarke*, 445 U.S. 253, 257 (1980) (emphasis in original) (quoting D. Hagman, Urban Planning and Land Development Control Law 328 (1971)).

25-CV-249 TWR (LR)

The instant Motion followed on February 10, 2025. (*See generally* ECF No. 3.) Having received no opposition from Plaintiff, the Honorable Roger T. Benitez granted the Motion on March 28, 2025. (*See generally* ECF No. 5 (the "Dismissal Order").) On May 15, 2025, Plaintiff moved to set aside Judge Benitez's Dismissal Order under Federal Rule of Civil Procedure 60(b) on the grounds that Plaintiff's counsel had never received the notice of electronic filing of the Motion, Judge Benitez's Order setting an opposition deadline, or the Dismissal Order. (*See generally* ECF No. 6.) Judge Benitez did not grant Plaintiff's motion to set aside the Dismissal Order until February 5, 2026, at which point he also set a new deadline for Plaintiff to file an opposition to the Motion. (*See generally* ECF No. 11.)

Following Judge Benitez's recusal, this action was transferred to the undersigned on March 16, 2026, (*see* ECF No. 16), and the Court set a reply deadline and hearing. (*See* ECF No. 17.)

In the fifteen months since this action was removed, Plaintiff has filed no proof of service as to Defendant the State of California and has not moved for entry of default against it. (*See generally* Docket.)

## MOTION TO DISMISS

### I.     Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Further, "Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)).  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (alteration in original) (internal quotation mark omitted) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (internal quotation marks omitted) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

## II.    Analysis

Through the instant Motion, Moving Defendant seeks dismissal of Plaintiff's Complaint in its entirety with prejudice on several grounds, including that Plaintiff's claims are time-barred, Plaintiff failed timely to present his state law claims under California's

Government Claims Act, and that Plaintiff fails sufficiently to plead his causes of action. (*See* Mot.; *see also generally* ECF No. 3-1 ("Mem.").)  Because the statute of limitations is dispositive as to Plaintiff's only causes of action arising under federal law, (*see* Compl. ¶¶ 37–42 (second cause of action for violation of due process rights), 43–48 (third cause of action for civil rights violations under 42 U.S.C. § 1983)), the Court need not address Moving Defendant's remaining arguments.[3]

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *Thomas v. Cnty. of Humboldt*, 124 F.4th 1179, 1191 (9th Cir. 2024) (quoting *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013)), *cert. denied*, 146 S. Ct. 27 (2025).  Here, the Parties agree that Plaintiff's Section 1983 claims are subject to a two-year statute of limitations.  (*See* Mem. at 9; Opp'n at 4.)  Because it is clear from the face of the Complaint that the relevant property was seized on or about December 26, 1941, Moving Defendant contends that any Section 1983 claims had to have been filed by late December 1943, to be timely.  (*See* Mem. at 10.)  Plaintiff opposes Moving Defendant's statute-of-limitations argument on three grounds: (1) delayed discovery, (2) equitable estoppel/fraudulent concealment, and (3) equitable tolling.  (*See* Opp'n at 4–5.)

### A.   *Delayed Discovery*

First, Plaintiff contends that his Section 1983 claims did not accrue until "this Plaintiff had reason to know of the injury and its cause." (*See* Opp'n at 4; *see also* Compl. ¶ 29.)  "Accrual of the statute of limitations involves determining when a plaintiff could have first brought suit." *Gerrity v. City of Santa Barbara*, No. 2:23-CV-03359-JFW-SSC, 2024 WL 3764260, at *3 (C.D. Cal. June 17) (citing *Wallace v. Kato*, 549 U.S. 384, 388

---

[3]   The Court therefore **DENIES AS MOOT** Moving Defendant's Request for Judicial Notice (ECF No. 3-2), which is relevant only to the presentment argument and to which Plaintiff objected. (*See* Opp'n at 10–11.)

25-CV-249 TWR (LR)

(2007)), *report and recommendation adopted*, 2024 WL 3764251 (C.D. Cal. July 18), *appeal dismissed*, No. 24-4940, 2024 WL 4763873 (9th Cir. Oct. 21, 2024).  As relevant here, "a property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it."  *Knick v. Twp. of Scott, Pa.*, 588 U.S. 180, 189 (2019).  Because Plaintiff stands in the shoes of his grandfather, Albert Evans, *see, e.g.*, *Crawford v. Antonio B. Won Pat Int'l Airport Auth.*, 917 F.3d 1081, 1090 (9th Cir. 2019), his claim accrued in late December 1941, when "government officials" seized Albert Evans' land.

Nonetheless, Plaintiff invokes the delayed discovery rule, which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005) (citing *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999); *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 187 (1996)).  "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'"  *Id.* (quoting *Norgart*, 21 Cal. 4th at 398) (citing *Gutierrez v. Mofid*, 39 Cal. 3d 892, 897 (1985) (in bank)).

> In order to rely on the discovery rule for delayed accrual of a cause of action, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence."

*Id.* at 808 (emphasis in original) (quoting *McKelvey v. Boeing N.Am., Inc.*, 74 Cal. App. 4th 151, 160 (1999)).  "A plaintiff relying on the discovery rule to show delayed accrual of a cause of action bears the burden of 'pleading . . . belated discovery.'"  *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1011 (N.D. Cal. 2015) (quoting *Czajkowski v. Haskell & White, LLP*, 208 Cal. App. 4th 166, 174 (2012)).

The relevant inquiry here is when Albert Evans had reason to suspect that his land had been seized without just compensation.  The Court is hard-pressed to imagine a scenario in which Albert Evans was not aware of the facts underlying a Takings Clause

cause of action when the government seized his land without compensation in late December 1941, *see, e.g.*, *Wartell v. Wells Fargo Bank, N.A.*, 755 F. Supp. 3d 1252, 1256 (N.D. Cal. 2024) ("'[I]gnorance of the legal significance of known facts' does not delay accrual." (alteration in original) (quoting *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988))), and Plaintiff does not cite—and the Court has not found—any cases in which the delayed discovery rule has been applied to physical-occupation, as opposed to regulatory, takings. Even assuming that Albert Evans had not discovered the basis for his Takings Clause claim in December 1941, reasonable diligence undoubtedly would have revealed a viable cause of action many years before December 3, 2022, two years before Plaintiff filed this action. The Court therefore concludes that Plaintiff does not—and likely cannot— allege delayed discovery of his Section 1983 causes of action.

### B.    *Equitable Estoppel*

This brings the Court to Plaintiff's second argument, namely, that he is entitled to equitable estoppel of the statute of limitations. (*See* Opp'n at 4–5; *see also* Compl. ¶ 23.)

Under California law, equitable estoppel requires that:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

*Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1051–52 (9th Cir. 2008) (quoting *Honig v. S.F. Planning Dep't*, 127 Cal. App. 4th 520, 529 (2005)). Because fraudulent concealment sounds in fraud, "the plaintiff must plead with particularity the facts which give rise to the claim of fraudulent concealment." *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980). Here, Plaintiff alleges generally that "Defendants actively concealed and misrepresented facts regarding Albert Evans' ownership of the subject property, preventing the Evans family from discovering their causes of action." (*See* Compl. ¶ 23; *see also, e.g., id.* ¶¶ 28(b), 29(a)–(c).)

25-CV-249 TWR (LR)

Not only are Plaintiff's allegations conclusory, but Plaintiff does not—and likely cannot—plausibly allege that Albert Evans himself was ignorant of the fact that he owned property that was seized by the government without just compensation.  Further, even if it were plausible that Albert Evans was ignorant of these facts, it does not appear that Albert Evans could reasonably have relied on any alleged "concealment" by Defendants of his ownership of the property.  Indeed, even fraudulent concealment of the deed would not have prevented Albert Evans (or his successors) from filing suit because, between its adoption in 1937 and the 1983 amendment, Federal Rule of Civil Procedure 11 required certification only that there were "good grounds" for a pleading.[4]  *See* Robert L. Carter, *The History and Purposes of Rule 11*, 54 Fordham L. Rev. 4 (1985), *available at* https://ir. lawnet.fordham.edu/flr/vol54/iss1/2 (last visited Apr. 27, 2026).

Also problematic is that Plaintiff's "alleged basis for equitable estoppel is the same as [his] cause of action."  *See* <u>Lukovsky</u>, 535 F.3d at 1052.  "As [the Ninth Circuit] ha[s] previously explained, the plaintiff must point to some fraudulent concealment, some active conduct by the defendant '*above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'"  *Id.* (emphasis in original) (quoting *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006)).  Plaintiff sues Moving Defendant for fraud, (*see* Compl. ¶¶ 49–55), while also alleging that this fraud prevented him and his ancestors from discovering "facts essential to [his] causes of action." (*See id.* ¶ 29.)  For all these reasons, the Court also concludes that Plaintiff has not, and likely cannot, allege that Moving Defendant is equitably estopped from relying on the statute of limitations.

/ / /

---

[4]    Under the current version, as amended in 2007, a party or unrepresented party must certify that "the[ir] factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  *See* Fed. R. Civ. P. 11(b)(3).  Accordingly, even without the benefit of the original deed, Plaintiff or his counsel could have filed suit and obtained the original deed in discovery.

25-CV-249 TWR (LR)

## C.    *Equitable Tolling*

Third and finally, Plaintiff argues that the statute of limitations should be equitably tolled.  (*See* Opp'n at 5; *see also* Compl. ¶¶ 24–28.)  "[T]he doctrine of equitable tolling[] . . . permits a court to pause a statutory time limit 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'"  *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 507 (2017) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)).  "To determine whether equitable tolling may extend a statute of limitations, courts must analyze whether a plaintiff has established the doctrine's three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff."  *St. Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 725–26 (2020) (citing *Addison v. California*, 21 Cal. 3d 313, 319 (1978)).  "The [plaintiff] bears the burden of proving the applicability of equitable tolling."  *In re Marriage of Zimmerman*, 183 Cal. App. 4th 900, 912, *as modified* (Apr. 23, 2010) (first citing *Judelson v. Am. Metal Bearing Co.*, 89 Cal. App. 2d 256, 266 (1948); then citing *V.C. v. L.A. Unified Sch. Dist.*, 139 Cal. App. 4th 499, 516 (2006)).

As for the first element, "'[t]he timely notice requirement essentially means that the first claim must have been filed within the statutory period,' *and* that 'the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim.'"  *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 950 (E.D. Cal. 2021) (emphasis in original) (quoting *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 n.2 (2008)), *aff'd*, No. 21-15801, 2022 WL 522287 (9th Cir. Feb. 22, 2022).  "The element of timely notice 'ought to be interpreted literally.'"  *Id.* (quoting *St. Francis Mem'l Hosp.*, 9 Cal. 5th at 727).  Plaintiff alleges:

> Timely notice to Defendants is established by:
> a.    Albert Evans' immediate protest of the taking in 1941;
> b.    The family's continuous assertion of ownership rights;

> c.  Multiple inquiries to county officials about the property over the years; [and]
>
> d.  Recent government tort claims filed with each Defendant.

(Compl. ¶ 25.)

The relevant inquiry, therefore, is whether Plaintiff can plausibly allege that Moving Defendant received notice of his family's intent to file suit before the end of 1943. *See St. Francis Mem'l Hosp.*, 9 Cal. 5th at 727. Accepting Plaintiff's allegations as true and drawing all inferences in his favor—as the Court must at this stage of the proceedings— the Court cannot conclude that Plaintiff has carried his burden based on Plaintiff's conclusory allegations that Albert Evans "immediately protest[ed]" the taking in 1941. Plaintiff does not allege, for example, to whom, when, or how Albert Evans protested. Further, even if Albert Evans had timely provided notice to Moving Defendant of his intent to assert claims related to the 1941 seizure of his property, it is not clear that this would have provided Moving Defendant "with sufficient notice of *plaintiff's* claims so as to implicate California's equitable tolling doctrine." *See Kleinhammer v. City of Paso Robles*, No. SACV-06-0798-JFWJTL, 2008 WL 11411472, at *8 (C.D. Cal.) (emphasis added) (citing *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002))), *report and recommendation adopted*, 2008 WL 11411425 (C.D. Cal. Mar. 17, 2008). In short, Plaintiff does not plausibly allege that notice was timely provided to Moving Defendant of Plaintiff's intent to file suit concerning the uncompensated seizure of the Evans family's land.

Although the Court need not reach the remaining elements, Plaintiff fares no better considering them. Regarding the second element, "the core focus of [the] prejudice analysis[ is] whether application of equitable tolling would prevent the defendant from defending a claim on the merits." *St. Francis Mem'l Hosp.*, 9 Cal. 5th at 728 (citing *Addison*, 21 Cal. 3d at 318). Plaintiff alleges that Moving Defendant will suffer no prejudice because it "created and maintained the relevant records[.]" (*See* Compl. ¶ 26(a)).) As Moving Defendant notes, however, it was "provided no prior notice that some civil claim was forthcoming; rather, nearly 82 years passed before County

Defendants were notified that they should anticipate defending, or searching for evidence[] o[f,] some long-passed claim." (*See* Mem. at 13.)  The Parties are now two generations removed from the events at issue, depriving Moving Defendant of the most salient witnesses and potentially many relevant records.[5]  In short, this case aptly illustrates the justification behind statutes of limitation, namely, "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."  *Ord. of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49 (1944).

Finally, "[t]he third element of equitable tolling requires reasonable and good faith conduct by the plaintiff."  *St. Francis Mem'l Hosp.*, 9 Cal. 5th at 728.  Plaintiff is correct that there were significant impediments to his family's timely filing of suit, including "the constraints of Jim Crow era limitations[,]" (*see* Compl. ¶ 27(a)), and "[t]he racial discrimination underlying the taking restrict[ing] access to legal remedies[.]"  (*See id.* ¶ 28(c)).)  Given the context in which this lawsuit arose, the Court acknowledges that it would have been difficult—perhaps even impossible—for Albert Evans to pursue his claim within the statute of limitations.  But despite Plaintiff's allegations that the Evans "family[] continuous[ly] assert[ed] . . . ownership rights[]" over the property, (*see id.* ¶ 25(b)), and engaged in "persistent efforts to discover the truth about the property[,]" (*see id.* ¶ 27(b)), Plaintiff alleges no facts detailing specific actions taken by three generations of the Evans family over more than eighty years diligently to pursue these claims.  Plaintiff alleges, for example, that "[t]he State of California . . . sued Imperial County in the 1960s for failure to maintain accurate property ownership records."[6]  (*See id.* ¶ 17.)  It is unclear, however, what efforts—if any—the Evans family took between the 1960s and Plaintiff's title search

---

[5]    Plaintiff's counsel did represent at the hearing that there are some first-hand witnesses but that they are nonagenarians and centenarians.

[6]    Although the Court was inclined to take judicial notice of this case *sua sponte*, given Plaintiff's failure to provide a precise year or case number, the Court was unable to identify the case or locate any related filings.

25-CV-249 TWR (LR)

approximately sixty years later.  (*See id.* ¶ 20.)  Simply stated, "equity aids the vigilant, not those who slumber on their rights."  *Smith v. Davis*, 953 F.3d 582, 590 (9th Cir. 2020) (quoting 1 John Norton Pomeroy, *A Treatise on Equity Jurisprudence as Administered in The United States of America* 393 (1881)) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005)).

Because Plaintiff fails to allege specific facts plausibly supporting timely notice to Moving Defendant, lack of prejudice to Moving Defendant, and reasonable and good faith conduct by the Evans over the past eight decades, the Court concludes that Plaintiff has failed to establish that he is entitled to equitable tolling.

### D.     Leave to Amend

It is clear that Albert Evans may have suffered a grave injustice in 1941. Unfortunately, it also is clear from the face of the Complaint that the statute of limitations has run and that Plaintiff fails adequately to allege delayed discovery, equitable estoppel, or equitable tolling.  The Court therefore **GRANTS IN PART** Moving Defendant's Motion and **DISMISSES** Plaintiff's Section 1983 claims as time-barred.[7]   Although Moving Defendant requests dismissal with prejudice, (*see* Mot. at 2), Plaintiff requests leave to amend to provide "additional detail[.]"  (*See* Opp'n at 5.)  Specifically, Plaintiff represents that he:

> will amend to plead the following non-exclusive facts with particularity: the date and manner Plaintiff first learned of the adverse recorded instruments; the specific County office(s) contacted and the substance of each ownership denial or "no records" response; the date and results of Plaintiff's diligen[t] efforts to confirm chain-of-title and obtain responsive public records; the first

---

[7]     Moving Defendant contends that, "because the entire Complaint stems from the 1941 taking, all derivative claims are similarly time-barred, which this Court may raise on its own motion."  (*See* Mem. at 14–15.)  In support of its contention that "the Court may sua sponte dismiss the entire Complaint as untimely[,]" Moving Defendant relies on out-of-Circuit cases and cites to a Ninth Circuit case granting sua sponte dismissal "in an analogous context."  (*See id.* at 15 n.1.)  Although the Court suspects that Plaintiff's state-law causes of action are time-barred for the same reasons as Plaintiff's Section 1983 claims, the Court declines to reach the issue *sua sponte* without the benefit of briefing on the specific statutes of limitations applicable to Plaintiff's state-law claims.

date Plaintiff obtained objective confirmation of the County's recorded interest; . . . and the identity and role of County decisionmakers to the extent discoverable without third-party subpoena power.

(*See id.* at 12.)

The Court is mindful that "a trial court shall grant leave to amend freely[,] . . . 'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Although the Court is incredibly skeptical that Plaintiff can allege additional facts curing the deficiencies identified above—which the Court emphasizes are not limited to "Plaintiff's diligen[t] efforts" but rather the efforts of Albert Evans and his descendants since 1941[8]—the Court is not yet convinced that Plaintiff can allege *no* such additional facts. Accordingly, the Court **GRANTS** Plaintiff one opportunity to amend to allege specific and plausible facts supporting his entitlement to relief from the statute of limitations. Plaintiff **MAY FILE** an amended complaint within <u>twenty-one (21) days</u> of the date of this Order. *Should Plaintiff fail timely to file an amended complaint, the Court will dismiss this action without prejudice.*

## ORDER TO SHOW CAUSE

Although Plaintiff also sued the State of California, in the fifteen months since this action was removed, the State of California has failed to appear. Until the hearing, it was unclear whether this was the result of a lack of timely service or default.[9] At the hearing, Plaintiff represented that the State of California had been served; however, no proof of

---

[8] During the hearing, Plaintiff's counsel offered to provide a "day-by-day," quickly corrected to a "decade-by-decade," account of the Evans family's diligent efforts. The fact that a day-by-day account is simply not feasible under these circumstances underscores the Court's concerns regarding the prejudice to Moving Defendant with being required to defend this action more than eighty years later, as detailed above.

[9] The Court also notes that the State of California likely has immunity under the Eleventh Amendment to the United States Constitution.

25-CV-249 TWR (LR)

service has been filed on the docket.  (*See generally* Docket.)  Given Plaintiff's failure to file either proof of timely service or a request for clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff must explain why this action should not be dismissed as to the State of California.

Rule 4 of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also* S.D. Cal. CivLR 4.1(b) (authorizing the court to order a plaintiff to show cause 100 days following the filing of a complaint when proof of service has not been filed).  "In the absence of service of process (or waiver of service by the defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted).  Further, "[a]ctions or proceedings [that] have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the Court for want of prosecution."  S.D. Cal. CivLR 41.1(a); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.").

Because Plaintiff has failed to file proof of service as to Defendant the State of California for fifteen months, the Court **ORDERS** Plaintiff to **SHOW CAUSE** <u>within twenty-one (21) days</u> of the date of this Order why the Complaint should not be dismissed

as to Defendant the State of California for failure timely to effect service of process pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 4.1(b) and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41.1(a).  Should Plaintiff wish to proceed against the State of California, he **SHALL FILE** either (1) proof of timely service of the Summons and Complaint on the State of California *and* a separate motion for clerk's entry of default; *or* (2) a declaration under penalty of perjury showing good cause for his failure timely to serve the State of California, accompanied by a motion for leave to serve process outside of the ninety-day service limit. *If Plaintiff fails adequately to respond to this Order within the time provided, the Court will enter a final order of dismissal without prejudice for failure timely to effect service of process pursuant to Rule 4(m) and Civil Local Rule 4.1(b); failure to prosecute pursuant Rule 41(b) and Civil Local Rule 41.1(a); and failure to comply with the Federal Rules of Civil Procedure, Civil Local Rules, and this Order pursuant to Civil Local Rule 83.1(a).*

**IT IS SO ORDERED.**

Dated:  May 20, 2026

_____
Honorable Todd W. Robinson
United States District Judge

25-CV-249 TWR (LR)