Case 3:25-cv-00249-TWR-LR   Document 31   Filed 07/21/26   PageID.305   Page 1 of 10

ROB BONTA
Attorney General of California
ROHIT S. KODICAL
Supervising Deputy Attorney General
KYLE DA SILVA
Deputy Attorney General
State Bar No. 350968
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6084
  Fax:  (916) 731-2120
  E-mail:  Kyle.DaSilva@doj.ca.gov
*Attorneys for Defendant*
*State of California*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT EVANS ,**<br><br>                                    Plaintiff,<br><br>          **v.**<br><br>**COUNTY OF IMPERIAL, STATE OF CALIFORNIA; and DOES 1-50, inclusive ,**<br><br>                                    Defendants. | **Case No. 3:25-cv-00249-TWR-LR**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Judge:        Hon. Todd W. Robinson<br>Courtroom: 14A |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant State of California (the "State") moves to dismiss the First Amended Complaint ("FAC," ECF No. 24) of Plaintiff Robert Evans. The State brings this Motion under Federal Rule of Civil Procedure 12(b)(1) on the ground that the Eleventh Amendment deprives this Court of jurisdiction over both causes of action asserted against the State, and under Rule 12(b)(6) on the grounds that those causes of action are time-barred, fail to state a claim, and cannot proceed in the absence of the United States. The Motion is based on this Notice,

1

the following Memorandum of Points and Authorities, the records and files in this action, and any argument the Court may entertain.

## I. INTRODUCTION

Plaintiff sues the State of California to recover for the seizure of his grandfather's farmland in December 1941—more than eighty years before he filed suit. In its Order granting the County of Imperial's motion to dismiss, this Court held that Plaintiff's federal claims accrued in late 1941 and are time-barred, and that Plaintiff failed to plead delayed discovery, equitable estoppel, or equitable tolling sufficient to save them. (See ECF No. 22 (the "Order").) The Court expressly reserved the state-law causes of action, declining to dismiss them sua sponte "without the benefit of briefing on the specific statutes of limitations applicable to Plaintiff's state-law claims." (Order at 13 n.7.) That briefing is now before the Court.

The FAC asserts two claims against the State: inverse condemnation (first cause of action) and declaratory relief (fourth cause of action). Four independent grounds bar both.

First, the Eleventh Amendment. The Court has already observed that "the State of California likely has immunity under the Eleventh Amendment." (Order at 14 n.9.) It does. The FAC pleads only a state-constitutional claim against the State, and a federal court cannot adjudicate a state-constitutional claim against a State. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Reading the claim as a federal takings claim would not save it; that, too, is barred.

Second, the inverse-condemnation claim is time-barred. It accrued in 1941, and the same defects the Court found in Plaintiff's tolling theories doom it again. The FAC's new allegations change nothing, and the declaratory-relief claim falls with it.

Third, the FAC never alleges that the State took anything. Its only concrete allegation about the State is a tax deed recorded in 1931—a decade before the taking, and divested by 1936. The rest is a single conclusory assertion, on information and belief, that the officials who carried out the 1941 dispossession "included representatives of" the State.

Fourth, the recorded chain Plaintiff attaches shows the property was taken for, and conveyed to, the United States. The real condemnor is the federal government. Its sovereign immunity makes it a required party that cannot be joined, and its absence requires dismissal.

Any one of these grounds defeats the claims. The Court should dismiss the FAC as to the State with prejudice.

## II. BACKGROUND

As alleged, Albert Evans, an African American farmer and Plaintiff's grandfather, acquired property at 2024 Bennett Road in El Centro and developed it into a dairy operation. (FAC ¶¶ 12–15.) On or about December 26, 1941—nineteen days after the attack on Pearl Harbor—government officials arrived at the property and gave Albert Evans forty-eight hours to vacate or face forcible removal, so the land could be used for the wartime military installation that became Naval Air Facility El Centro. (FAC ¶¶ 17–19.) No compensation was paid, and no condemnation proceeding was conducted. (FAC ¶ 22.) Plaintiff alleges that County officials thereafter denied to the family that Albert Evans had ever owned the property, and that he obtained documentary confirmation of the recorded chain of title only in 2023, through a title guarantee bearing a date of March 30, 2023. (FAC ¶¶ 29, 41.)

Plaintiff filed suit in the Superior Court of California, County of Imperial, on December 3, 2024. The County removed on February 3, 2025; the same day, the State filed a general-denial answer in the Superior Court through the Office of the Attorney General. The County moved to dismiss, and—after the action was dismissed, reinstated under Rule 60(b), and reassigned—this Court granted that motion and dismissed Plaintiff's federal claims as time-barred. (Order at 13.) The Court granted leave to amend and ordered Plaintiff to show cause why the action should not be dismissed as to the State for failure to serve. (Order at 13–16.) Plaintiff then filed the FAC, which asserts inverse condemnation (first cause of action) and declaratory relief (fourth cause of action) against the State, and reserves the § 1983 claims for the County and the Doe defendants. (FAC ¶ 6.)

## III. LEGAL STANDARD

This Motion raises two standards. Under Rule 12(b)(1), the Eleventh Amendment is a limit on federal subject-matter jurisdiction, and a claim barred by it must be dismissed. The plaintiff bears the burden of establishing that jurisdiction exists.

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible only where its factual content lets the court draw a reasonable inference that the defendant is liable. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The presumption of truth does not extend to allegations "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A statute-of-limitations defense may be resolved on a Rule 12(b)(6) motion when "the running of the statute of limitations is apparent on the face of the complaint." *Thomas v. Cnty. of Humboldt*, 124 F.4th 1179, 1191 (9th Cir. 2024).

### IV. ARGUMENT

**A.      The Eleventh Amendment Bars Both Claims Against the State.**

The Eleventh Amendment bars suit against a State in federal court unless the State waives its immunity or Congress abrogates it. Neither happened here.

The FAC pleads the first cause of action against the State as a California constitutional claim—inverse condemnation under Article I, section 19—not as a federal one. (FAC ¶ 6.) The cause of action ends there. A federal court's "grant of relief based on state law, whether prospective or retroactive," is barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). A claim that rests entirely on the California Constitution is exactly the claim a federal court has no jurisdiction to adjudicate against the State. Plaintiff's own pleading confirms the point: he asks that the claim be remanded or dismissed if the Eleventh Amendment "prevents adjudication of that claim in this federal forum." (FAC ¶ 6.) It does.

No exception applies. Congress has not abrogated the States' immunity for inverse-condemnation claims. *See Broughton Lumber Co. v. Columbia River Gorge Comm'n*, 975 F.2d 616, 618–20 (9th Cir. 1992). California's provision of an inverse-condemnation remedy in its own courts is not consent to suit in federal court: "a state does not waive its Eleventh Amendment

immunity by consenting to suit only in its own courts," and a waiver must "specify the State's intention to subject itself to suit in federal court." *Harrison v. Hickel*, 6 F.3d 1347, 1352–53 (9th Cir. 1993).

Reading the claim to rest on the federal Takings Clause would not help Plaintiff. The Ninth Circuit, "join[ing] every other circuit to address the question," has held that the Eleventh Amendment bars Fifth Amendment inverse-condemnation claims against a State in federal court. *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952–54 (9th Cir. 2008); *accord Jachetta v. United States*, 653 F.3d 898, 909–10 (9th Cir. 2011). And *Knick v. Township of Scott*, 588 U.S. 180 (2019), does not change this; it held only that a takings claim is ripe at the time of the taking and did not abrogate state sovereign immunity. The claim is barred whether read as state or federal.

The declaratory-relief claim is no different. Declaratory relief "is not an independent cause of action but a form of remedy," and it rises and falls with the claim behind it. *Serra Canyon Co. v. Cal. Coastal Comm'n*, 120 Cal. App. 4th 663, 673 (2004). The fourth cause of action asks for a declaration that the State took Albert Evans's property without paying for it—the very relief the immunity bars. It falls with the takings claim.

**B. Even If the Court Reaches the Merits, the Inverse-Condemnation Claim Is Time-Barred.**

The Court has already decided the questions that control this claim. Only the limitations period differs, and it changes nothing. The bar "is apparent on the face of the complaint." *Thomas*, 124 F.4th at 1191. The FAC pins the taking to December 26, 1941. (FAC ¶ 19.) A claim for a permanent physical taking runs, at most, under the five-year period of Code of Civil Procedure sections 318 and 319. *See McMillan v. Goleta Water Dist.*, 792 F.2d 1453, 1456 (9th Cir. 1986); *Institoris v. City of Los Angeles*, 210 Cal. App. 3d 10, 17 (1989). The 1941 ouster was complete and permanent the day it happened, so the claim accrued in 1941, decades before December 3, 2019, five years before Plaintiff sued. Under any period, the claim is late on its face. Plaintiff cannot escape that result through delayed discovery, equitable estoppel, or equitable tolling. The Court rejected all three, and its reasoning controls here. (Order at 6–13.) The FAC's new allegations do not cure the defects the Court found.

Notice of Motion and Motion to Dismiss (3:25-cv-00249-TWR-LR)

**1.    Delayed discovery.**

As the Court explained, the relevant question is when Albert Evans "had reason to suspect that his land had been seized without just compensation," and the Court was "hard-pressed to imagine a scenario in which Albert Evans was not aware of the facts underlying a Takings Clause cause of action when the government seized his land without compensation in late December 1941." (Order at 7–8.) "[I]gnorance of the legal significance of known facts" does not delay accrual. (Order at 8.) A plaintiff invoking the discovery rule must plead "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005); *accord McKelvey v. Boeing N. Am., Inc.*, 74 Cal. App. 4th 151, 160 (1999). The FAC's new detail about a 2023 title search shows only when Plaintiff got documentary proof of recorded ownership, not when Albert Evans learned his land had been taken without payment. He knew that in 1941. The Court already held that reasonable diligence "undoubtedly would have revealed a viable cause of action many years before" the cutoff. (Order at 8.) The FAC does not disturb that.

**2.    Equitable estoppel.**

Estoppel requires concealment "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008). As the Court recognized, when a plaintiff's "alleged basis for equitable estoppel is the same as [his] cause of action," the doctrine does not apply. (Order at 9.) The FAC tries to supply the missing separateness by alleging that County officials told the family no record of ownership existed (FAC ¶¶ 49–52), but those allegations are about the County, not the State. The FAC alleges no misrepresentation by the State at all. It cannot estop the State from raising limitations. And the Court's other point is fatal regardless: Albert Evans knew his land had been taken without compensation, so he was not "ignorant of the true state of facts," and even hiding the deed "would not have prevented" suit. (Order at 8–9.)

**3.    Equitable tolling.**

Equitable tolling requires "timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff," and the plaintiff bears the burden of proving

6

each. *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 725–26 (2020); *In re Marriage of Zimmerman*, 183 Cal. App. 4th 900, 912 (2010). The Court held that the timely-notice element "ought to be interpreted literally" and that Plaintiff's conclusory allegation of an "immediate[] protest" in 1941 did not show notice to the defendant of an intent to sue within the limitations period. (Order at 10–11.) The FAC repeats the same allegation. (FAC ¶ 56.) On prejudice, the Court found that the parties are "two generations removed from the events at issue," depriving the defense of "the most salient witnesses and potentially many relevant records." (Order at 11–12.) And on diligence, the Court found no "specific facts detailing specific actions taken by three generations of the Evans family over more than eighty years." (Order at 12.) The FAC's decade-by-decade narrative (FAC ¶¶ 32–36) still does not supply them; as the Court put it, "equity aids the vigilant, not those who slumber on their rights." (Order at 13.)

### 4.    The declaratory-relief claim is time-barred with it.

Because declaratory relief borrows the limitations period of the underlying claim, the fourth cause of action is barred for the same reasons. *Serra Canyon*, 120 Cal. App. 4th at 673.

### C.    The FAC Fails to Allege That the State Took the Property.

The inverse-condemnation claim fails on its own terms, too: the FAC never alleges that the State took the property. A plaintiff must allege that the defendant "substantially participated in the planning, approval, construction, or operation of [the] public project" and that its act "was a substantial cause of the damage." *Yamagiwa v. City of Half Moon Bay*, 523 F. Supp. 2d 1036, 1078–79 (N.D. Cal. 2007). Conclusory allegations will not do. *See Iqbal*, 556 U.S. at 678. The one concrete allegation about the State is a tax deed recorded July 10, 1931, conveying the parcel to the State—a decade before the 1941 taking, and back in the Imperial Irrigation District's hands by 1936. (FAC ¶¶ 16, 25(a).) Sitting earlier in a chain of title, without taking part in the taking, is not the nexus the law requires. Beyond that, the FAC offers only an allegation on information and belief that the officials who carried out the dispossession "included representatives of" the State. (FAC ¶ 19.) That is the "[t]hreadbare" pleading *Iqbal* forbids. It does not plausibly allege that the State took, or substantially participated in taking, anything.

**Notice of Motion and Motion to Dismiss (3:25-cv-00249-TWR-LR)**

**D.    The United States Is a Required Party Whose Absence Compels Dismissal.**

The FAC also tries to litigate a federal taking without the federal government. The chain Plaintiff attaches to his own pleading shows the property was seized in 1941 to expand the wartime installation that became Naval Air Facility El Centro, and that title passed to the United States. (FAC ¶¶ 17, 25.) Yet Plaintiff sues only the State and the County. The real condemnor—the United States—is missing, and Rule 19 does not let the case go forward without it.

A party must be joined if, in its absence, the court "cannot accord complete relief among existing parties," or if the party "claims an interest relating to the subject of the action" such that proceeding may impair that interest. Fed. R. Civ. P. 19(a). The United States is such a party. It is the current owner of the property and the entity for whose benefit the land was taken; it therefore has "a legally protected interest in the outcome of the action." *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991). Complete relief cannot be afforded among the existing parties when the property is federally owned: any judgment adjudicating ownership of, or compensation for, land the United States now holds would be incomplete and could create obligations inconsistent with the federal interest.

That the United States is the real condemnor also confirms it is the proper defendant, in the proper forum. A takings claim against the federal government for more than $10,000 lies exclusively in the Court of Federal Claims under the Tucker Act, not in district court. *See United States v. 191.07 Acres of Land*, 482 F.3d 1132, 1136 (9th Cir. 2007); *KLK, Inc. v. U.S. Dep't of Interior*, 35 F.3d 454, 455 (9th Cir. 1994). Plaintiff cannot conjure district-court jurisdiction over a federal wartime taking by naming the State in the United States' place.

Because the United States is immune from suit absent its consent, it cannot be joined—and where a required party is immune, dismissal ordinarily follows. When "the necessary party is immune from suit, there may be very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the compelling factor." *Havasupai Tribe v. Anasazi Water Co. LLC*, 321 F.R.D. 351, 360 (D. Ariz. 2017). Dismissal is required "where there is potential for injury to the interests of the absent sovereign." *Delano Farms Co. v. Cal. Table Grape Comm'n*, 623 F. Supp. 2d 1144, 1173 (E.D. Cal. 2009). Proceeding without the United States would do exactly that: it

would adjudicate the propriety of, and liability for, a taking the United States effected and from which it benefits, without the United States present to defend its interest or assert its own defenses.

The point is straightforward: Plaintiff has sued the State for a taking the United States carried out and from which the United States benefits, in a forum the United States cannot be brought into. A required party is missing and cannot be joined. The claim cannot proceed.

### E. Leave to Amend Should Be Denied.

A court may deny leave to amend where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). No amendment can fix these defects. The Eleventh Amendment bar is jurisdictional, and Plaintiff cannot plead around it. The limitations bar shows on the face of the FAC—itself an amended pleading, filed after the Court spelled out what was missing. And no pleading can supply the United States, which this forum cannot reach. As the Court put it, Albert Evans "may have suffered a grave injustice in 1941," but "it also is clear from the face of the Complaint that the statute of limitations has run." (Order at 13.) The Court should dismiss with prejudice.

### V. CONCLUSION

For the foregoing reasons, the State respectfully requests that the Court dismiss the First Amended Complaint as to the State of California with prejudice.

Dated: July 21, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ROHIT S. KODICAL
Supervising Deputy Attorney General

*/s/ Kyle Da Silva*
KYLE DA SILVA
Deputy Attorney General
*Attorneys for Defendant*
*State of California*

SD2025900020
Motion_to_Dismiss

Notice of Motion and Motion to Dismiss (3:25-cv-00249-TWR-LR)

# CERTIFICATE OF SERVICE

Case Name:    **Evans v. County of Imperial**        No.    **ECU003850**

I hereby certify that on July 21, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 21, 2026, at Los Angeles, California.


<table>
<tr><td>Valerie Thompson</td><td>/s/ <em>Valerie Thompson</em></td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

SD2025900020